{¶ 109} I respectfully dissent from the majority's decision. Although initially there seems to be reason to affirm, the particular facts in this specific case indicate otherwise. I dissent in the case sub judice because I believe that the use of the word "specialty" in R.C. 4715.34 renders that statute void for vagueness. I believe that a reasonable interpretation of R.C.4715.34 permits an individual to be recognized as practicing a "specialty" only if his or her practice is limited exclusively to the practice of dentistry. Moreover, the Board seemed to recognize the inherent vagueness in the wording since it enacted Ohio Adm. Code 4715-30-01 on April 4, 2002, after the notice of opportunity for hearing was issued in this case, and stated the following:
 {¶ 110} "Practicing dentistry as a specialty means that a physician regularly and/or routinely provides treatment in which the procedure or procedures performed are primarily involving teeth, rather than treatment secondary to a medical emergency or medical procedure. It is not required that the practice of dentistry be conducted a specific percentage of time, but rather that a pattern of practicing dentistry as a specialty be demonstrated by the physician."
 {¶ 111} Because the record affirmatively demonstrates that Dr. Diamantis did not confine his practice exclusively to the practice of dentistry as a "specialty," he was therefore exempt from its licensure requirements.
 {¶ 112} Having determined that Dr. Diamantis falls within the exemption under R.C. 4715.34, I cannot find that Dr. Zak violated the statutory dental license requirements.